UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN DILLARD, | Case No. 1:23-cv-00337-AKB |
| Plaintiff, | |
| v. | **INITIAL REVIEW ORDER**<br>**BY SCREENING JUDGE** |
| ADA COUNTY JAIL, | |
| Defendant. | |

The Clerk of Court conditionally filed Plaintiff Jonathan Dillard's Amended Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 1, 10). A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review of Plaintiff's filings, the Court has determined that he must file an amended complaint to correct the deficiencies identified in this Order.

## REVIEW OF COMPLAINT

### 1. Standard of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id*. (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556. A pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### 2. Factual Allegations

Plaintiff is a federal prisoner who complains that his temporary conditions of confinement during a federal hold at the Ada County Jail were unconstitutional. He was housed there in May 2023, during probation/supervised release revocation proceedings. He also asserts that the federal court's probation revocation process violated his due process rights. His Complaint is nearly illegible and does not contain sufficient background facts to support his claims. He will be given leave to file an amended complaint.

The Court takes judicial notice of the probation revocation proceedings and orders entered in Plaintiff's federal criminal case, No. 1:15-cr-00170-DCN, *United States v. Dillard* ("Case 170").[1] On August 21, 2023, Chief United States District Judge David C. Nye entered a Judgment for Revocation of Probation or Supervised Release. (*See* Case 170, Dkt. 187). Petitioner was sentenced to six months of imprisonment. (*Id*.) Plaintiff filed a notice of appeal. The United States Court of Appeals construed Plaintiff's subsequent "Motion to Dismiss Both Attorney and Appeal has been Filed [sic]" as a voluntarily dismissal motion. Plaintiff recently filed a "Subsequent

---

[1] Federal Rule of Evidence 201 provides that a Court may take judicial notice of an adjudicative fact which is "not subject to reasonable dispute." The advisory committee's notes to Rule 201 clarify that   *adjudicative facts* are "simply the facts of the particular case." In addition, "courts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc*., 937 F.2d 767, 774 (2d Cir. 1991).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Notice of Appeal" in that case, stating it was not his intention to dismiss his appeal. (*See* Case 170, Dkts. 205, 210, 214).

### 3.  Proper Defendants for § 1983 Actions

Plaintiff brings some of his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

The only named Defendant in this action is the Ada County Jail. To bring a § 1983 claim against a municipality (county or other local governmental entity), a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality are the following:  (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" without supporting facts is insufficient. *See Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient facts to show that jail policies or customs were the moving force behind his claims. He will be given leave to add those facts or omit the Ada County Jail as a Defendant. When a claimant seeks monetary damages, other proper defendants in a § 1983 claim can include state actors in their individual/personal capacity who personally participated in the alleged constitutional violations.

### 4.  Claims Challenging Federal Criminal Conviction

Some of Plaintiff's claims stem from his federal criminal conviction. He alleges that his criminal plea agreement is fraudulent or forged. (Dkt. 1-1, p. 6). Plaintiff requests "immediate release and termination of supervision and the next hearings here after to be addressing in past [illegible] and to set an evidentiary hearing to overturn my original conviction." (*Id.*, p. 15).

A convicted felon cannot challenge his criminal conviction in a civil rights action. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply that a plaintiff's conviction is invalid, the plaintiff must show that the conviction has been overturned before the civil rights action can proceed. *Id.* Without this prerequisite showing, the civil rights claim is not cognizable under § 1983. *Heck*, 512 U.S. at 486-87.

On the other hand, if success on a civil rights claim would not imply the invalidity of a conviction, "the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted); *Edwards v. Balisok*, 520 U.S. 641 (1997) (applying the same principle to civil rights actions challenging the deprivation of prison good-time credits that would otherwise shorten an inmate's sentence).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Here, Plaintiff's claim that his plea agreement was fraudulent implies that his conviction based on that agreement was wrongfully obtained. That he seeks to overturn his conviction and be released supports a finding that these claims are *Heck*-barred. Any amended complaint should not include these unripe claims.

**5.  Probation Revocation Claims and Proper Cause of Action for Federal Actors**

  A.  *Heck v. Humphrey* Implications

Plaintiff asserts that the manner in which various state and federal actors caused his probation to be revoked violated the United States Constitution. The *Heck v. Humphrey* bar has been applied to probation revocations that imply the invalidity of revocation or denial. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (§ 1983 claims challenging revocation of probation precluded under *Heck* until revocation is invalidated); *Vickers v. Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005) (unpublished) (same).

In the related context of parole eligibility, the Supreme Court of the United States determined that an inmate may initiate a § 1983 action to seek *invalidation of the procedures* used to deny him parole, but he may not seek "an injunction ordering his immediate or speedier release into the community." *Wilkinson v. Dotson*, 544 U.S. 74, 75 (2005). At most, a former parolee may seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole. *Id.*

In addition, where a parolee challenges the constitutionality of his parole conditions that do not involve a parole revocation, such a claim is not barred by the *Heck* rule. *See Thornton v. Brown*, 757 F.3d 834, 838 (9th Cir. 2013). In *Thornton*, the parolee was permitted to proceed on a § 1983 challenge to a discretionary parole decision imposing GPS monitoring and residency

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

restrictions because these claims did not imply the invalidity of the underlying conviction or any parole revocation.

Here, Plaintiff also complains of various violations related to his probation violation and revocation, including the following: the federal judge issued an illegal warrant for a probation revocation, even though the judge allegedly knew the warrant of May 18, 2023, was based on a court order that did not exist (Dkts. 1, p. 2, and 1-1, p. 16); Plaintiff was subjected to a false arrest for the probation violation (Dkt. 1, p. 1); officers made false claims that Plaintiff was "a violent threat to society" in federal court proceedings to obtain the probation revocation (*id.*, p. 3); and the federal court improperly revoked his probation (*id*). Plaintiff further complains of an improper polygraph test (*id.*, p. 11) and asserts that he is "actually innocent" (Dkt. 1-1, pp. 12-13).

These allegations assert or imply that Plaintiff's probation revocation was unconstitutional, meaning that a favorable judgment in this civil rights action would show that Plaintiff's probation should not have been revoked and that he should be reinstated on probation rather than imprisoned. Claims of this nature are barred by the *Heck* and *Dotson* rules unless the probation revocation has been invalidated. *See, e.g.*, *Quintana v. Gates*, 2004 WL 1661540 (C.D. Cal. 2004) (claim that a parolee was falsely arrested on narcotics charges and framed by LAPD officers, resulting in parole revocation and imprisonment, was barred by *Heck* because success in the § 1983 suit would imply the invalidity of the revocation and his confinement); *Robinson v. Terhune*, 1999 WL 1268360 (N.D. Cal. 1999) (claim that defendants falsely accused the plaintiff of charges that led to revocation of parole was barred by *Heck*).

Some of Plaintiff's allegations appear to challenge the probation violation hearing procedures. For example, Plaintiff asserts that that the "courts have yet to adopt proper court procedures for those who are autistic making it equal rights for everyone (except those who have

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

autism)." (Dkt. 1-1, p. 10). However, it is important to note that Plaintiff's lawsuit here is, in fact, challenging the outcome of the probation revocation hearing, not just the procedures. At issue is whether a challenge to hearing procedures can be dissected from an overall challenge to an unfavorable parole revocation hearing outcome.

In Case 170, Plaintiff produced an August 31, 2022, diagnostic sheet from a recent treatment provider showing that Plaintiff meets all of the requirements for a diagnosis of adult autism (or autism spectrum disorder). In that case he previously participated in competency hearings before two different judges, the results of which showed that he was fit to stand trial. (Case 170, Dkt. 182, p. 4 n.2). In the probation revocation proceedings, he asked the Court to use procedures endorsed by the United Kingdom, which he asserted were more accommodating to litigants with autism. (*Id*., pp. 4-5). Plaintiff argued in Case 170 that the court personnel were not "educated enough" to take part in adjudication of his case, given his disability. (*Id*., p. 5). Judge Nye rejected Plaintiff's suggestion to change regular court procedures, but instead "tried to give [Plaintiff] Dillard as much time during the hearing as he needed to consult with his attorney, to organize his thoughts, and to participate in his defense." (*Id*., p. 5 n.3).

There are insufficient facts in the record to determine whether Plaintiff has stated a cognizable procedural claim that does not call into question the validity of his probation revocation. Plaintiff may file an amended complaint containing only this claim if supporting facts exist, and if he has grounds to assert that the claim does not imply that the merits of the probation revocation hearing is invalid.

For any probation revocation procedural claims not barred by *Heck*, Plaintiff must name proper Defendants—persons who either personally participated in the alleged violations (if seeking monetary relief) or who have authority to remedy violations (if seeking injunctive relief). Many of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

the foregoing allegations have nothing to do with the named Defendant, the Ada County Jail, such as actions taken by the court.

Claims against federal actors cannot be asserted under 42 U.S.C. § 1983, which applies only to state actors. Instead, such claims must be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the civil rights counterpart for federal government actors. A *Bivens* action requires that a plaintiff plead facts alleging a violation of constitutional rights caused by agents acting under the color of federal law. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003).

B. Res Judicata Implications

Another threshold issue is whether Plaintiff already raised the autism procedural issue in the probation revocation hearing, such that the claim should have been brought in the appeal of that action; if so, res judicata principles may bar the claim here. The doctrine of res judicata ensures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. Consistent with these principles, a federal court may examine the res judicata effect of a prior judgment sua sponte. *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986).

Res judicata principles apply in § 1983 actions. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984). In *Taylor v. Sturgell*, 553 U.S. 880 (2008), the United States Supreme Court explained:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748-749, 121 S. Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

> protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

*Taylor*, 553 U.S. at 892 (footnote omitted).

Because Plaintiff had an *opportunity* to litigate his autism procedures issues in Case 170, and on appeal in that case (regardless of whether he took advantage of that opportunity), it is possible that res judicata may bar him from litigating the same issues or claims in this action. Any amended complaint should name proper Defendants under a proper cause of action and contain sufficient factual allegations for the Court to determine whether the claims or issues already have been decided in the federal probation revocation action.

### 6.  Medical Claims

The Eighth Amendment's Cruel and Unusual Punishment Clause guarantees *convicted felon* inmates the right to adequate medical care in government custody. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Eighth Amendment also "requires that prisons provide mental health care that meets 'minimum constitutional requirements.'" *Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1097 (9th Cir. 2019) (quoting *Brown v. Plata*, 563 U.S. 493, 501 (2011)). The Fourteenth Amendment's Due Process Clause applies to protect *pretrial detainees*' right to adequate medical care. *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

The question here is which standard—the Eighth or the Fourteenth Amendment—applies when a person's legal status is both a convicted felon probationer *and* a temporary detainee because their probation violation charge is not yet unadjudicated? The United States Court of Appeals for the Ninth Circuit applies the Eighth Amendment standard when a probationer was in physical custody, rather than at liberty, at the time of an alleged constitutional violation. *See Smithson v. Hammond*, No. 3:22-CV-05029-TMC, 2023 WL 7110554, at *7-8 (W.D. Wash.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

Oct. 27, 2023) (excessive force context) (relying on *Ellis v. City of San Diego*, 176 F.3d 1183, 1191-92 (9th Cir. 1999), *as amended on denial of reh'g* (June 23, 1999), and *Hughes v. Rodriguez*, 31 F.4th 1211, 1220 (9th Cir. 2022) (both excessive force contexts)).

The Eighth Amendment is applicable to Plaintiff's claims that he was denied medical care while in custody of the Ada County Jail. The law provides that jail officials and medical providers can be held liable if their "acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. This standard has two components. The first is an objective showing:  a plaintiff must allege facts demonstrating that he is "incarcerated under conditions posing a substantial risk of serious harm," such as lack of medical care for serious health conditions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The second component is a subjective showing—that the defendant acted with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To satisfy the subjective component, a prisoner must show that a prison official was aware of but recklessly disregarded an excessive risk to an inmate's health. *Id.* at 838.

State action that amounts to ordinary or gross negligence is not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Here, Plaintiff has stated insufficient particulars about his medical care and why it was constitutionally inadequate; therefore, he has failed to state a claim upon which relief can be granted. (Dkts. 1, p. 3 and 1-1, p. 8). If Plaintiff previously raised his claims through the jail grievance process, he may simply copy that information from the jail grievance forms to his

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

amended complaint. This is a simple way to specify "the who, what, where, why, when, and how" of his claims as he attempts to draft his amended complaint. If Plaintiff is not going to raise a policy-based claim against the jail, he must name as Defendants those persons who personally participated in the denial of medical care.

Plaintiff also complains of other medically-related claims, but it is unclear whether he is alleging that he received improper treatment or that the wrongful acts of medical professionals and others caused his probation to be revoked. Plaintiff asserts the following: his probation officer demanded that Plaintiff be given a diagnosis of schizophrenia, but medical personnel refused to do so (Dkt. 1-1, p. 9); the jail medical administrator, Dr. Clive, made false claims about his medical condition (*id*., p. 8); Defendant Leishman, a registered nurse, "covered up cruel and unusual punishment" (*id*.); and the court denied him the ability to obtain necessary medical care (*id*., p. 4). Plaintiff will be given leave to provide facts sufficient to state a federal claim against a proper Defendant. Importantly, any medical claims that caused his probation to be revoked are barred by the doctrine of *Heck v. Humphrey*, as explained above.

### 7. Claims based on Criminal Statutes

Plaintiff asserts that the Ada County Jail has violated his federal rights under 18 U.S.C. § 242 and Idaho Code § 18-1505. Criminal statutes provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). These claims should not be included in an amended complaint.

### 8. Excessive Force Claims

Plaintiff asserts that unknown supervisory officials allowed "Officer Bryce King to get away with hand cuffing [him] and then beating [him] up." (Dkt. 1-1, p. 9). This appears to be an excessive force claim under the Eighth Amendment. *See Hughes*, 31 F.4th at 1221 (escaped

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

convict context) ("We conclude that the Eighth Amendment applies equally to convicted prisoners inside or outside the walls of the penal institution."). In Eighth Amendment excessive force cases, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citation omitted). Five factors set forth in *Hudson* are relevant to the inquiry of whether the use of force was malicious and sadistic:  "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (quotation omitted).

If Plaintiff desires to pursue this claim, he must amend his Complaint to name a proper Defendant. As for the supervisor of Officer King, Plaintiff should be aware that, in a civil rights action, a "respondeat superior" theory of liability cannot be applied to supervisors for the wrongs of persons they supervise, meaning that a supervisor cannot be held liable for another person's wrongs without a showing of personal participation in the constitutional violation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under § 1983). Rather,  supervisors can be held liable under § 1983 if (1) they had "personal involvement in the constitutional deprivation," or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citation and punctuation omitted).

Allegations sufficient to show a causal connection between a supervisor and a constitutional violation include:  (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1207-08 (citation omitted and punctuation altered).

Whether Plaintiff decides to sue Officer King or Officer King's supervisor, any amended complaint must state the "who, what, where, when, why, and how" of the alleged excessive force incident. Plaintiff must also provide facts meeting the *Hudson* factors, to the extent the facts supporting those factors are within his personal knowledge.

## INSTRUCTIONS FOR AMENDMENT

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously amended pleading, including all supplements.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each Defendant, Plaintiff must state the following (organized by each Defendant):  (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the Defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the Defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated;

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

(6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each Defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff is given notice that filing further illegible pleadings may be stricken.

Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

## PLAINTIFF'S MOTIONS

### 1. Motion for Judicial Intervention

Plaintiff has filed a "Motion to Move Forum Judicia Intervention" that is nearly illegible. (Dkt. 3). Plaintiff appears to be alleging that he does not feel safe at the Ada County Jail. (*Id.*, p. 1). Because Plaintiff now is being held at the federal detention center in Seattle, Washington, the Court concludes that this motion is moot.

Plaintiff filed a "Motion to Apply for Leave to Rule Disability Rights Advocate and [illegible] and Investigations." (Dkt. 9). He appears to be requesting that the Court serve warrants on various United States probation personnel and on United States Magistrate Judge Deborah K. Grasham, citing Title 18 of the United States Criminal Code as grounds for the warrants. The remainder of the motion is illegible. Plaintiff's request for criminal warrants is inappropriate in a civil rights action. Accordingly, it will be denied.

Plaintiff filed a "Motion to Combine Evidence," citing Case 170 as an action having evidence relevant to this action. The Court will take judicial notice of the proceedings in Case 170, as noted above. To that extent, the motion will be granted. To the extent that Plaintiff requests the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 14**

Court find that Judge Grasham or Judge Nye "interfered with" Plaintiff's "due process of law," or make other findings based on Case 170, the motion is denied.

## ORDER

**IT IS ORDERED:**

1. Plaintiff cannot proceed on his present Complaint but is granted leave to file an amended complaint within thirty (30) days after entry of this Order. Failure to do so will result in dismissal of this case with prejudice under Federal Rule of Civil Procedure 41(b).

2. Plaintiff shall not file any further motions in this case until the Court reviews any amended complaint and issues an order.

3. Plaintiff's Motion to Move Forum Judicia Intervention (Dkt. 3) is DENIED.

4. Plaintiff's Motion to Apply for Leave to Rule Disability Rights Advocate and [illegible] and Investigations." (Dkt. 9) is DENIED.

5. Plaintiff's Motion to Combine Evidence (Dkt. 21) is GRANTED in part and DENIED in part, as set forth above.

DATED: December 21, 2023

Amanda K. Brailsford
U.S. District Court Judge